UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Karen Russell<br><br>    Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND THE MICHIGAN OCCUPATIONAL CODE AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Karen Russell, ("Karen"), is a natural person who resided in Detroit, Michigan, at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act

1

("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee Litt v. Midland Credit Management, Inc.*, 2014 U.S. Dist. LEXIS 66658 (E.D. Mich. May 15, 2014)(in FDCPA case, supplemental jurisdiction exercised over claims under MOC).

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. AA uses a predictive dialer system.

7. Before AA began contacting Karen, it and Karen had no prior business relationship and Karen had never provided express consent to AA to be contacted on her cellular telephone.

8. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of AA's revenue is debt collection.

10. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, AA contacted Karen to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Karen is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, AA willingly and knowingly used an automatic telephone dialing system to call Karen on her cellular phone multiple times in violation of the TCPA.

15. Around March 2014, AA began contacting Karen on Karen's cellular phone in connection with the collection of the debt.

16. On or around April 18, 2014, Karen contacted AA.

17. During this communication, Karen disputed the debt and communicated her desire that AA cease calling her.

18. In response, AA told Karen that AA would investigate the matter.

19. Despite being notified of this desire, AA continued to call Karen on Karen's cellular phone in connection with the collection of the debt.

20. On one occasion, AA told Karen that AA could garnish Karen's wages for non-payment of the debt if Karen had a job.

21. During this communication, Karen advised AA that Karen was on disability.

22. In response, AA immediately hung up.

3

23. On more than one occasion, Karen communicated her desire that AA cease calling her.

24. AA caused Karen emotional distress.

25. AA attempted to collect a debt from Karen.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 25 above as if fully set forth herein.

27. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 25 above as if fully set forth herein.

29. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 25 above as if fully set forth herein.

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 25 above as if fully set forth herein.

33. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT FIVE

### Violations of the Michigan Occupational Code

34. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 25 above as if fully set forth herein.

35. Defendant is a "collection agency" as that term is defined in the MOC, Mich. Comp. Laws § 339.901(b).

36. Plaintiff is a "consumer" as defined by the MOC and is a person whom the act was intended to protect, Mich. Comp. Laws § 339.901(f).

37. Defendant attempted to collect a "debt" within the meaning of Mich. Comp. Laws § 339.901(a).

38. Defendant willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

39. Defendant willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

40. Defendant's willful violations of the MOC entitle Plaintiff to a civil penalty of not less than three (3) times the actual damages he sustained as a result of Defendant's violations of the MOC.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d.  Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus a civil penalty of not less than three (3) times Plaintiff's actual damages, pursuant to Mich. Comp. Laws § 339.916.

e.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 27, 2015

By: __/s/ Jeffrey S. Hyslip_____
Jeffrey S. Hyslip, Esq.
One of Plaintiff's Attorneys
Hyslip & Taylor, LLC, LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar No. 0079315